UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 07, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Karthik Gangasani, | § |
| Plaintiff, | § |
| versus | §  Civil Action H-20-2124 |
| Monty Wilkinson, et al., | § |
| Defendant. | § |

# Opinion on Summary Judgment

1.  *Background.*

Karthik Gangasani is an Indian-born citizen working in the United States on a H1-B visa.

On January 16, 2020, Gangasani submitted an I-140 immigration petition for "extraordinary ability." He says he met three out of ten criteria: judging the work of others, significant contribution to his field, and leading role in a distinguished organization.

On January 27, 2020, the United States Citizenship and Immigration Service requested additional evidence from Gangasani. He responded on April 3, 2020, with more support for his petition.

On April 15, 2020, the Service denied Gangasani's I-140 petition.

On June 17, 2020, Gangasani sued William Barr, Monty Wilkinson, Gregory Richardson, Officer XM1852, and the United States saying the Service's denial was arbitrary and capricious.

On August 12, 2020, the Service re-opened Gangasani's I-140 petition.

On November 3, 2020, the Service denied Gangasani's petition again saying that he did not meet three of the ten criteria.

Barr has moved for summary judgment arguing that the denial was not arbitrary and the process was followed. Gangasani has cross-moved for summary judgment on the same issue.

2. *Administrative Procedure Act.*

To succeed on an Administrative Procedure Act claim, Gangasani must show that the Service's denial of his I-140 petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[1] A decision is arbitrary and capricious if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[2]

The EB-1 visa is limited for "extraordinary" immigrants. A highly proficient immigrant may not rise to the level of "extraordinary." The Service has a two-step approach to decide whether a person is eligible for an "extraordinary" immigrant visa. First, the immigrant must show evidence that he won a major, internationally recognized award, or meet three of ten criteria. Second, the Service considers on the merits whether under the totality of the circumstances he has the acclaim and recognition necessary to be of "extraordinary ability."

Karthik Gangasani is a managing consultant for IBM Global Business Services. He specializes in implementing Oracle's software infrastructure to help different companies run their businesses.

The Service found that he met one of the three criteria necessary for the visa. It said he showed sufficient evidence that he was a judge of the work of other in the same field of specialization. It said he did not show sufficient evidence that: (a) he made a significant contribution to his field; and (b) he was a leading role in a distinguished organization. Gangasani did not pass the first stage.

A. *Significant Contribution.*

Gangasani says that the Service was wrong to find that the evidence did not show that he made significant contributions to his field. He says that the Service did not consider the context in which his white paper was published.

---

[1] 5 U.S.C. § 706(2)(A).

[2] *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

In 2008, Gangasani wrote a paper titled, "Individual Customer Registration in iStore." He says that this paper changed a customer registration tool from requiring that businesses set up accounts for customers to purchase products to allowing customers to register alone. He says it was incorporated in many companies. He says that the Service considered the paper in a "vacuum" because it was only concerned with the publication of the white paper instead of the content.

The government says that the Service evaluated the paper and its contribution to the industry. The Service focused on the technicality of the white paper itself as a major contribution. It questioned the number of white papers that are published to put Sridhar Dora Hanumanthu's letter of support in context.

The Service acknowledged that the content in the white paper was original. It was more concerned with the prominence of publishing a white paper rather than its content. It is still an insufficient basis for this Court to set aside an agency decision because it did review the substance of the paper.

The Service evaluated the letters of recommendations that support Gangasani to assess whether it elaborated on his contribution to the industry. It did not. The Service says the letters focused on his skills rather than his "impact on the field as a whole." It justified its decision rationally.

B.  *Critical Role at IBM.*

Gangasani says that the Service did not assess how his original contribution in his 2008 white paper made his role at the company critical.

The government says that the Service weighed the letters of support that described his leading role in several projects. The Service explained that his critical role in a project is not equivalent to a critical role in the company as a whole.

Gowthaman Rangaraj's letter of support mentioned the significance of the white paper. The Service weighed the letter of support and concluded that the evidence was insufficient to meet this criteria.

3. *Conclusion.*

The Court must defer to the judgment of the Service. So long as the Service articulated a rational relationship between the evidence and the decision, the denial is neither "arbitrary" nor "capricious."[3]

Gangasani will take nothing from William Barr, Monty Wilkinson, Gregory Richardson, Officer XM1852, and the United States.

Signed on June __6__, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[3] Marsh v. Oregon National Resource Council, 490 U.S. 360 (1989)